UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

H.A.L., et al.,

                Plaintiffs,

vs.                               Case No.   3:05-cv-873-J-33MMH

FOLTZ, et al.,

                Defendants.
_____/

**ORDER**

This cause comes before the Court sua sponte.  On April 11, 2006, the Court dismissed certain of the plaintiffs' claims.  (Doc. # 49.)  The Court did not specify whether the dismissal was with or without prejudice.  In May 2006, the plaintiffs sought leave to amend their complaint.  (Doc. # 53.)  In August 2006, the Magistrate Judge denied leave to amend.  (Doc. # 61.)  The Magistrate Judge noted that, where the Court does not specify a dismissal is without prejudice, the dismissal has the effect of a dismissal with prejudice. (Doc. # 61, at 7.)  In the interest of justice, this Court now reconsiders the preclusive effect of the Court's earlier Order of dismissal.

A "district court has broad power to reconsider the correctness of its interlocutory rulings."  United States v. Acosta, 669 F.2d 292, 292 (5th Cir. Unit B, March 5, 1982); see also Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 47 (1943) (stating that trial court had power to reconsider decision before entry of final judgment).  District courts may reconsider

such interlocutory orders at any time before final judgment. Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 Fed. Appx. 942, 945-46 (6th Cir. 2004). An order on a motion to dismiss is an interlocutory order, and may therefore be reconsidered at any time before entry of final judgment. Cameo Convalescent Center, Inc. v. Percy, 800 F.2d 108, 110 (7th Cir. 1986) ("Pre-judgment orders, such as motions to dismiss, are interlocutory and may be reconsidered at any time.") Accordingly, this Court may reconsider the April 11, 2006, Order of dismissal (Doc. # 49).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has considered this provision:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). In other words, "unless a substantial reason exists to deny leave to amend," leave should be granted. Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co., 470 F.3d 1036, 1040 (11th Cir. 2006) (quoting Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)). Indeed, "a district court should give a plaintiff an opportunity to

2

amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985).

Thus, upon further consideration and in the interest of justice, this Court's earlier Order of dismissal shall be without prejudice.  The plaintiffs shall have twenty days from the date of this Order to file an amended complaint should they so desire.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.    The Court's earlier Order of dismissal (Doc. # 49) entered on April 11, 2006, shall be without prejudice.

2.    If the plaintiffs wish to file an amended complaint, such amended complaint shall be filed within TWENTY DAYS of the date of this Order.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 7th day of March 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record