UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

H.A.L., J.H.L, S.L.L., minor children by and
through their parents and next friends; BRIAN
JOSEPH LEWIS, RACHEL DANETTE LEWIS,

    Plaintiffs,

vs.                                              Case No. 3:05-cv-873-J-33MCR

ED FOLTZ, individually, DEBORAH JONES,
individually and VIRGINIA JORDAN,
individually,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to Amend and File Third Amended Complaint (Doc. 86) filed May 21, 2007. Defendants failed to file a response to this motion and the time for doing so has passed. Additionally, the Court conducted a hearing with all parties present on July 6, 2007. Accordingly, the matter is now ripe for judicial review.

**I.**     **BACKGROUND**

On May 31, 2005, Plaintiffs H.A.L., J.H.L. and S.L.L., minor children who were formerly in the custody of the Florida Department of Children and Family Services ("DCF"), filed a complaint in state court based on 42 U.S.C. §1983. (Doc. 1). Prior to service on any of the Defendants, Plaintiffs filed a First Amended Complaint alleging that while they resided in a foster home licensed by DCF, they were repeatedly sexually

abused by older male children who also resided in the home.  (Doc. 2).  Plaintiffs further alleged that Defendants, who are DCF employees, were deliberately indifferent to the Fourteenth Amendment rights of the Plaintiffs to be safe from unreasonable risk of harm while they were in state custody.  (Doc. 2).

Defendants removed the action to this Court and filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants claimed Plaintiffs failed to plead sufficient facts in the First Amended Complaint to support a claim of deliberate indifference to their constitutional rights.  They also argued that because Plaintiffs failed to adequately plead deliberate indifference, Defendants were entitled to qualified immunity.  On April 11, 2006, Judge Schlesinger entered an order granting in part and denying in part Defendants' motions to dismiss.  (Doc. 49).  Specifically, the Order granted Defendant Jordan's motion to dismiss as to all Plaintiffs because the First Amended Complaint did not sufficiently plead facts showing Ms. Jordan both knew of and disregarded a risk of sexual abuse to the Plaintiffs in the foster home.  The Order also granted the motions to dismiss of Defendants Foltz and Jones with respect to Plaintiff J.H.L. because the First Amended Complaint did not specify when J.H.L. was placed in the foster home at issue.  Finally, the Order denied the motions to dismiss of Defendants Foltz and Jones with respect to Plaintiffs H.A.L. and S.L.L.

On March 27, 2007, Plaintiffs filed a Second Amended Complaint (Doc. 73).  On April 12, 2007, Defendants each filed a motion to dismiss the Second Amended Complaint again alleging that Plaintiffs failed to state a claim of deliberate indifference

and Defendants are entitled to qualified immunity.  (Doc. 74, 75, 76).  These motions to dismiss are currently pending before Judge Covington.

In the instant Motion, Plaintiffs contend that they have been seeking documents from the DCF which will show that the Defendants were subjectively aware of the substantial risk to which Plaintiffs were exposed in the foster home.  According to Plaintiffs, the DCF agreed to produce documents regarding the two other foster children (R.S. and D.C.) who are alleged to have sexually assaulted the Plaintiffs.  On or about April 31, 2007, counsel for DCF produced some of its records regarding one of the other foster children (R.S.).  Apparently, the documents regarding the other foster child alleged to have sexually assaulted Plaintiffs (D.C.) were delivered to counsel for Defendants.  Plaintiffs believe they have only received a portion of the documents regarding this child (D.C.).

Plaintiffs believe the documents they have received support their claims and they wish to amend their complaint to include evidence learned through these documents.  Plaintiffs do not wish to add any new parties or claims but rather simply want to include additional allegations from the documents which address the issues raised in Defendants' motions to dismiss.  Additionally, Plaintiffs ask the Court to grant them an extension of time in which to file the Third Amended Complaint so that they can obtain further documents from Defendants or the DCF and can include any information learned in those documents in the Third Amended Complaint.

Defendants' response to Plaintiffs' Motion to Amend was due June 8, 2007.  No response was filed and the Court entered an Order on June 12, 2007, directing

Defendants to file any response to the Motion to Amend no later than Monday, June 18, 2007. (Doc. 89). Defendants were informed that if they failed to file a response by June 18, 2007, the Court would treat the Motion to Amend as unopposed. Defendants failed to file a response and on June 21, 2007, the undersigned scheduled a telephonic hearing and informed the parties the Motion to Amend would be treated as unopposed. During the hearing, the Court asked counsel for Plaintiffs about their attempts at discovery. Counsel indicated they still needed documents regarding D.C. and were having difficulty obtaining those documents from DCF. Counsel for Defendants indicated all documents regarding D.C. had been returned to DCF but upon inquiry admitted he maintained a copy of those documents and agreed to produce those documents to counsel for Plaintiffs if required by the Court.

## II.  ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15. As the Supreme Court further explained in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

See also, Technical Resource Servs., Inc. v. Dornier Medical Sys., Inc., 134 F.3d 1458, 1463 (11th Cir. 1998).

The Court finds Plaintiffs' Motion to Amend not to be in bad faith, for purposes of delay, or subject to any of the other Foman caveats stated above. Moreover, the Court does not believe Defendants would be prejudiced by the amendments. Accordingly, the Court will allow Plaintiffs to file a Third Amended Complaint.

Plaintiffs ask for an extension of time in which to file their Third Amended Complaint so that they can receive more documents from the DCF supporting their allegations. The Court is hesitant to provide Plaintiffs with an open-ended deadline in which to file their Third Amended Complaint, however, this Court is not able to order DCF to produce documents at this time. Therefore, the Court is directing counsel for Defendants to provide Plaintiffs with copies of any documents obtained from the DCF no later than **Friday, July 20, 2007**.[1] The Court wishes to note its belief that counsel for Defendants in this action have not engaged in any improper activity with respect to discovery. The Court is only ordering this discovery to get this case moving in order to meet the current deadlines established in the Case Management and Scheduling Order issued October 23, 2006. (Doc. 65). Thereafter, Plaintiffs shall file their Third Amended Complaint no later than **Friday, August 3, 2007**.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiffs' Motion for Leave to Amend and File Third Amended Complaint (Doc. 86) is **GRANTED** as provided in the body of this Order.

---

[1] The parties shall work out how these copies are to be provided. Counsel for Plaintiffs indicated a desire to make the copies himself. The Court is certain the attorneys will be able to work together to meet the Court's deadline without further Court involvement.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  10th   day of July, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record