UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

H.A.L., et al.,

                    Plaintiffs,
v.                                          Case No.  3:05-cv-873-J-33MCR

FOLTZ, et al.,

                    Defendants.

_____/

**ORDER**

This cause comes before the Court pursuant to Defendants'
Motion to Stay Discovery and Other Proceedings Pending Appeal (Doc.
# 114), filed on January 9, 2008.  In this motion, defense counsel
represent that they conferred with the plaintiffs' counsel and
learned that the plaintiffs oppose the relief sought. (Doc. # 114,
at 2.)  Nevertheless, the plaintiffs have not filed a memorandum in
opposition, and the time to do so has expired.  The Court now
grants the defendants' motion to stay discovery pending resolution
of their interlocutory appeal.

In August 2007, the defendants filed motions to dismiss,
arguing inter alia that qualified immunity protects them from this
lawsuit.  The Court denied these motions, and the defendants filed
an interlocutory appeal on the qualified immunity issue.  In their
current motion, the defendants point out that qualified immunity

1

insulates public officials not only from liability but also from the burdens of defending unwarranted lawsuits, including the burden of discovery. (See Doc. # 114, at 3.) To protect that feature of qualified immunity, discovery should be stayed until the qualified immunity issue is resolved. (Doc. # 114, at 3.)

The Court agrees. Qualified immunity protects certain government officials who do in fact violate the law so long as the relevant law was not clearly established at the time. To protect such officials from the burdens of litigation in cases where the law was not clearly established, courts should not allow discovery until that threshold question is resolved. Harlow v. Fitzgelald, 457 U.S. 800, 818 (1982). The Court for its part resolved that threshold question in its Order denying the motions to dismiss, concluding that the relevant law was clearly established. (Doc. # 110, at 20 (explaining that Taylor v. Ledbetter, 818 F.2d 791 (11th Cir. 1987), clearly established rule that deliberate indifference to a serious risk of harm to a foster child in the foster home will open a DCFS employee to liability).) The defendants, however, took an interlocutory appeal challenging the Court's resolution of that legal question. See Mitchell v. Forsyth, 472 U.S. 511, 528 (1985) (explaining that such an appeal requires appellate court only to determine question of law: "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions"). Thus, this threshold question is now

2

before the Eleventh Circuit and has not yet been resolved by that court.  Until the Eleventh Circuit determines whether or not the relevant law was clearly established, the defendants should not be subjected to the burdens of discovery.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.  Defendants' Motion to Stay Discovery and Other Proceedings Pending Appeal (Doc. # 114) is hereby **GRANTED**.

2.  Discovery is hereby stayed pending further order of this Court.

3.  The parties shall promptly inform this Court of any ruling in this matter from the Eleventh Circuit.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 28th day of February 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record